IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HECTOR MANUAL ROSA                                                                PETITIONER

VS.                                                         CIVIL ACTION NO. 3:18cv8-DPJ-FKB

WARDEN C. RIVERS                                                                  RESPONDENT

## REPORT AND RECOMMENDATION

This is an action pursuant to 28 U.S.C. § 2241 brought by a federal prisoner incarcerated at the Yazoo City Federal Correctional Complex. Petitioner asserts that his sentence was improperly enhanced under the sentencing guidelines. The undersigned recommends that the petition be dismissed.

Hector Manuel Rosa entered a guilty plea in the United States District Court for the Middle District of Florida to distribution of cocaine, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm. He was sentenced on April 15, 2014, to a term of 120 months. In his § 2241 petition, Rosa argues that under *Johnson v. United States*, 135 S.Ct. 2251 (2015), and related cases, a prior conviction used to enhance his sentence no longer qualifies as a predicate offense and that his sentence is therefore invalid.

Generally, the proper vehicle for challenging a federal conviction or sentence is a motion under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of incarceration. *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (errors occurring before or during sentencing should be attacked pursuant to § 2255, not § 2241). Rosa argues that he may nevertheless proceed under § 2241 because his claim falls under the "savings clause" exception of § 2255, which allows a prisoner to resort to

§ 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable. *See* 28 U.S.C. § 2255(e). A remedy is inadequate if a petitioner's claim (1) is based upon a retroactively-applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Rosa argues that he may claim the benefits of the savings clause because his attack on his sentence enhancement is based upon a newly-recognized, retroactively-applicable rule of law and because he is now time-barred from filing a § 2255 motion.

It is well-established in the Fifth Circuit that claims relating to sentence enhancement determinations do not fall within the savings clause and are not cognizable under § 2241. *See, e.g.*, *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2010) (claim that petitioner was actually innocent of career offender enhancement did not satisfy savings clause); *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005) (claim that sentence was improperly enhanced did not meet requirements of savings clause); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000) (claim that petitioner was not a career offender under sentencing guidelines did not fall within savings clause). Thus, Rosa's claim does not meet the requirements of the savings clause, and this court is without jurisdiction.

For this reason, the undersigned recommends that the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 24th day of April, 2019.

/s/ F. Keith Ball  
United States Magistrate Judge